**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HOWARD WILSON, | ) | |
| *Plaintiff*, | ) | No. 26 C 3466 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| FAMILY FOOTWEAR CENTER, INC., | ) | |
| *Defendant*. | ) | |

**MEMORANDUM OPINION AND ORDER**

Title III of the Americans with Disabilities Act prohibits discrimination against people with disabilities. The intersection of disability and discrimination takes many forms. Here, Plaintiff Howard Wilson alleges that he is blind, and that Defendant Family Footwear Center, Inc. discriminated against him by failing to offer an ADA compliant website. Footwear moves to dismiss, asserting that Wilson has no standing. (Dkt. 15). Wilson disagrees and asks, in the alternative, for jurisdictional discovery to shore up any standing issues. (Dkt. 16). The Court grants Footwear's Motion to Dismiss without prejudice, denies Wilson's request for jurisdictional discovery, and grants Wilson twenty-one days to replead if he believes he can cure the defects in his original Complaint while complying with Federal Rule of Civil Procedure 11. (Dkt. 15).

**BACKGROUND**

Footwear offers several reasons why dismissal under Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction is proper. (*Id.*) Footwear notes that: (i) the shoes Wilson wanted to buy have been discontinued (*id.* at 11); (ii) Wilson's interest in returning to the website is generic and vague (*id.* at 11-12); and, (iii) while Wilson allegedly visited the website multiple times, he fails to allege a future intent to return. (*Id.* at 12). In other words, there is no

concrete, particularized, and imminent threat of future injury necessary for Article III standing. (*Id.* at 2). Footwear also asserts that there is nothing to redress. (*Id.* at 5-6, 8-11, 13-15). It points to its accessibility monitoring, accessibility statement, help desk, feedback channel, and AudioEye-based tracking and remediation. (*Id.* at 13). The very injunctive relief Wilson seeks is what Footwear has been doing all along, it claims. (*Id.*) Footwear therefore moves to dismiss Wilson's case under a facial and factual challenge. (*Id.* at 1).

Wilson counters that he overcomes Footwear's facial challenge because his Complaint adequately alleges multiple visits, specific access barriers denying equal access, and particularized interests in returning to the website. (Dkt. 16 at 4-9). He dismisses the relevance of the shoes' discontinuance because his allegations do not rise and fall on that pair but on his "ongoing inability to independently browse, compare, and purchase from that current catalog[.]" (*Id.* at 9). Turning to the factual challenge, Wilson calls Footwear's evidence "unreliable" and "irrelevant," stating that it creates a "material doubt about the very facts" Footwear "asks the Court to resolve in its favor." (*Id.* at 9-12). Wilson deems Zachary Kent's declaration self-serving because Kent is married to Footwear's lead attorney. (*Id.* at 9-10). He discredits Footwear's Accessibility Statement page because its timestamp postdates the alleged incident. (*Id.* at 10-11). At last, Wilson questions Kent's test, which apparently failed to address the alleged barriers, including the "hidden elements," "incorrectly formatted lists," and "unclear labels[.]" (*Id*. at 11).

**<u>LEGAL STANDARD</u>**

"Article III of the Constitution vests federal courts with the 'judicial Power' to decide 'Cases' and 'Controversies.'" *First Choice Women's Res. Centers, Inc. v. Davenport*, 608 U.S. 174, 183 (2026) (quoting U.S. Const. art. III, § 2, cl. 1). "Inherent in that assignment is a 'standing' requirement consisting of three elements: 'injury in fact, causation, and redressability.'" *Id.*

(quoting *Diamond Alternative Energy, LLC v. EPA*, 606 U.S. 100, 110-111 (2025)). To satisfy the injury in fact element, "a case must involve an injury that is concrete, particularized, and actual or imminent." *Id.* (quotes omitted). The plaintiff must demonstrate that their injury is "not speculative." *Diamond*, 606 U.S. at 111. "The second and third requirements, causation and redressability, are usually flip sides of the same coin. . . . Causation requires the plaintiff to show that the injury was likely caused by the defendant, and redressability requires the plaintiff to demonstrate that the injury would likely be redressed by judicial relief." *Id.* (quotes omitted).

"Because standing is an essential ingredient of subject-matter jurisdiction, it must be secured at each stage of the litigation." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020); *Satanic Temple, Inc. v. Rokita*, 163 F.4th 1061, 1066-68 (7th Cir. 2026). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (quotes and brackets omitted); *Satanic Temple*, 163 F.4th at 1068. "Once the allegations supporting standing are questioned as a factual matter—either by a party or by the court—the plaintiff must support each controverted element of standing with competent proof," which requires "a showing by a preponderance of the evidence, or proof to a reasonable probability, that standing exists[.]" *Bazile*, 983 F.3d at 278 (quotes omitted); *Satanic Temple*, 163 F.4th at 1068. "[W]hen considering a motion that launches a factual attack against jurisdiction, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (cleaned up); *Satanic Temple*, 163 F.4th at 1068.

**DISCUSSION**

Wilson barely survives Footwear's facial challenge. Wilson's Complaint fails to allege any concrete plans to return to Footwear's website. (*See generally* Dkt. 1). Wilson alleged that he attempted to access Footwear's website "multiple times." (*Id.*, ¶¶ 9, 20, 39). That speaks nothing of a definite plan to return. The closest Wilson comes are from his allegations that Footwear's alleged violations "now deter [him] on a regular basis from accessing the Defendant's Website in the future." (*Id.*, ¶ 9); (*see also id.*, ¶¶ 29, 47). This is still quite general. "Such 'some day' intentions—without any description of concrete plans, or indeed even any specifications of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require." *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013) (quoting *Lujan*, 504 U.S. at 564). This does not end the inquiry. Wilson also alleges that he "intends to visit the Website in the near future if it is made accessible." (Dkt. 1, ¶ 47). The Court must accept Wilson's "well-pleaded allegations of fact as true and draw all reasonable inferences" in his favor. *Miao v. United Airlines, Inc.*, 164 F. 4th 622, 623 (7th Cir. 2026). In so doing, the Court accepts that Wilson's allegations depend on Footwear's remediation. (*See, e.g.*, Dkt. 1, ¶¶ 9, 27, 29, 47, 48, 58). "[A] plaintiff's 'conditional statements'—that they would visit a place but for ongoing violations—cannot 'be equated with the speculative "some day intentions"' that were insufficient to show injury in fact in *Lujan*." *Scherr*, 703 F.3d at 1074 (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 184 (2000)). Thus, to succeed on a facial challenge, Wilson "must allege past injury under the ADA; show that it is reasonable to infer from [his] complaint that this discriminatory treatment will continue; and show that it is also reasonable to infer, based on the past frequency of [his] visits . . . that []he intends to return to the public accommodation in the future." *Scherr*, 703 F.3d at 1074 (cleaned up). On the deferential standard that accompanies a

facial challenge, Wilson's Complaint ekes by. (Dkt. 1); *Apex*, 572 F.3d at 443 ("Facial challenges require only that the court look to the complaint and see if the plaintiff has sufficiently *alleged* a basis of subject matter jurisdiction."); *In re Recalled Abbott Infant Formula Prods. Liab. Litig.*, 97 F.4th 525, 528 (7th Cir. 2024).

The factual challenge is a whole different story. Wilson presents no evidence whatsoever to support his claims or rebut Footwear's challenge. (Dkt. 16). Overcoming a factual challenge requires "competent proof" and "a showing by a preponderance of the evidence, or proof to a reasonable probability, that standing exists[.]" *Bazile*, 983 F.3d at 278; *Satanic Temple*, 163 F.4th at 1068. Even then, the "court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and so "no presumptive truthfulness attaches to [Wilson's] allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Apex*, 572 F.3d at 444; *Satanic Temple*, 163 F.4th at 1068. Wilson sits on his allegations and pokes at aspects of Footwear's evidence. (Dkt. 16). This is insufficient. By failing to offer "*any* evidence to rebut" Footwear's factual challenge, Wilson fails to carry his burden by a preponderance of the evidence that he has standing. *Apex*, 572 F.3d at 445; *Bazile*, 983 F.3d at 278; *Satanic Temple*, 163 F.4th at 1068. The Court addresses each relevant argument below.

Wilson first attacks Zachary Kent's declaration because Kent is married to lead counsel for Footwear. (Dkt. 16 at 4, 10). Kent submitted his declaration "under penalty of perjury pursuant to 28 U.S.C. § 1746," including Kent's disclosure that he is married to Footwear's counsel. (Dkt. 15-5, ¶ 3). This relationship, Wilson posits, undermines the credibility of the declaration because Kent is "not a disinterested witness." (Dkt. 16 at 10). This is not evidence but rank speculation that Kent is perjuring himself to support his wife's case. The Court declines to indulge such insinuation.

Kent is bound by 18 U.S.C. § 1621(2) and no doubt knows that willfully submitting false statements under oath may subject him to fines and up to five years in federal prison. *Id.* Apart from this baseless attack, Wilson presents nothing to test the veracity, reliability, or accuracy of Kent's declaration and tests. Despite Wilson's assertions, nothing in *Sapperstein v. Hager*, 188 F.3d 852, 856 (7th Cir. 1999) compels a different result. For starters, the Court is not basing its decision solely on Kent's declaration. In addition, the declaration in *Sapperstein* was submitted by the defendant's manager, who was subject to the defendant's power and control, and it averred sales within an accounting error's range just to escape liability, which raised "other doubts" in the court's mind. *Id.* On this basis perhaps Kent's declaration shares some similarities, but in *Sapperstein*, like here, the declaration was not the sole basis underpinning whether jurisdiction was proper. The court there reversed because the plaintiff "introduced an alternative basis for subject matter jurisdiction which evaded [the monetary] requirement" which the district court improperly denied, warranting reversal. *Id.* No such circumstances present themselves here.

Wilson switches his sights to the timestamp on Footwear's Accessibility Statement. (Dkt. 16 at 11); (*see* Dkt. 15-1). It states June 10, 2026, which is more than two months after Wilson filed his Complaint, and so he asserts that "[n]othing in the record establishes that this page displayed the same representations, about AudioEye monitoring, the Help Desk, or the feedback mechanism, on August 5, 2025," or before. (Dkt. 16 at 10). The timestamp likely corresponds to when Footwear's counsel downloaded the page while preparing their Motion. Even if not, Wilson could have presented competing evidence to question the timestamp (say, by using the Wayback Machine). He did not. He instead centers his case on unsubstantiated attorney argument. This fails. A "lawyer's unsupported statements are not evidence." *United States v. Adriatico-Fernandez*, 498 F. App'x 596, 599 (7th Cir. 2012) (citing *United States v. Chapman*, 694 F.3d 908, 914 (7th Cir.

2012) and *United States v. Diaz*, 533 F.3d 574, 578 (7th Cir. 2008)); *see also Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 853 (7th Cir. 2002) ("it is universally known that statements of attorneys are not evidence").

Wilson next turns to Conklin's declaration. (Dkt. 16 at 11). He zeroes in on Conklin's averment that "Family Footwear did not adopt its accessibility efforts solely because of this lawsuit. Those efforts were already in place before the filing of this action." (Dkt. 15-4, ¶ 19); (Dkt. 16 at 11). Wilson asserts that this averment "is unsupported by any exhibit actually dated before the Complaint" and that Footwear presented nothing but its AudioEye subscription receipt in support; thus, these receipts do "not establish what AudioEye's testing found," if Footwear remediated anything, or that Footwear's accessibility page existed before this lawsuit. (Dkt. 16 at 11). Casey Conklin submitted his declaration under penalty of perjury pursuant to 28 U.S.C. § 1746. (Dkt. 15-4). In this instance, it is backwards to say that Conklin needed documentary evidence to support his declaration; it is usually documentary evidence that needs to be authenticated by a declaration. *See, e.g.*, Fed. R. Evid. 902(8). At any rate, Wilson fails to present any competing or competent evidence challenging the veracity of Conklin's declaration. (*See* Dkt. 16). His positions regarding Footwear's AudioEye exhibits also fail because, while true that these purchase receipts lack precise details covering testing, remediation, and time in use, they independently show that Footwear has, since December 2021, paid for and maintained an AudioEye subscription. (Dkt. 15-2); (Dkt. 15-4, ¶¶ 4-6).[1] Wilson also disregards that Conklin, the "Internet Manager" for Footwear, averred that Footwear maintained, during the relevant period,

[1] AudioEye markets itself as "[t]he gold standard for digital accessibility compliance" that "help[s] organizations achieve their accessibility and compliance goals." (https://www.audioeye.com/about-us/); *see also Apex*, 572 F.3d at 444 (the Court is permitted to look beyond the pleadings to ensure that subject matter jurisdiction is satisfied).

these ADA compliant programs that offered monitoring, testing, audits, feedback, reporting, issue tracking, and remediation. (Dkt. 15-4, ¶¶ 4-6). Wilson has given the Court no basis to question the veracity of Conklin's declaration and so, for purposes of Footwear's Motion, the Court accepts its contents. *See Sheikh v. Grant Reg'l Health Ctr.*, 769 F.3d 549, 551 (7th Cir. 2014) (accepting declaration that passed muster under 28 U.S.C. § 1746 and noting that it "constitute[s] part of the evidentiary record"); *see also Owens v. Hinsley*, 635 F.3d 950, 955 (7th Cir. 2011); *Ford v. Wilson*, 90 F.3d 245, 246-47 (7th Cir. 1996); Fed. R. Evid. 902(8); 28 U.S.C. § 1746.

Wilson returns his attention to Kent's declaration, and particularly Kent's testing methodology. (Dkt. 16 at 11). Wilson points out that Kent tested just one path and ignored—much less assessed—the barriers allegedly present at the time of the incident. (*Id.*) Wilson again provides no support to substantiate his arguments. (*Id.*) The Kent declaration satisfies 18 U.S.C. § 1746 and Wilson offers no basis for the Court to find otherwise. Kent's declaration and test are bolstered by Conklin's declaration. Conklin avers that "[t]he user path to make a purchase on Family Footwear's website is the same for any shoe purchase." (Dkt. 15-4, ¶ 10). This averment harmonizes with Kent's test which analyzed Footwear's webpage link: https://www.familyfootwearcenter.com. (Dkt. 15-5, ¶ 7). Kent also performed a series of steps to assess whether any barriers presented themselves. (*See id.*, ¶¶ 8-14); (*see also* Dkt. 15-5 at 5). Now it is true that Kent averred that "I am not offering in this declaration any opinion about what any user experienced on any earlier date beyond the testing I personally performed on August 14, 2026." (*Id.*, ¶ 17). On this basis, Wilson contends that Kent's testing fails to address the alleged harms he suffered in the past and, in support, he points to *Walsh v. Dania Inc.*, 716 F. Supp. 3d 655, 661 (N.D. Ill. 2024).

This last point suffers from several issues. First, the Court decided *Walsh* on materially different facts and law. The defendant there did not challenge standing, subject matter jurisdiction, nor present a factual challenge substantiated by competent evidence. *See Walsh v. Dania Inc.*, 23 C 14380, Dkt. 16 (N.D. Ill. Nov. 30, 2023). Second, Wilson's reliance on the Court's statement—that a website barrier need only "interfere" with the plaintiff's equal enjoyment of the facility not "completely preclude" its use—is misplaced. (Dkt. 16 at 11-12); *Walsh*, 716 F. Supp. 3d at 661. The Court already accepted Wilson's allegations as true. *See supra* at 4-5. What is now before the Court, however, is Footwear's unrebutted evidence that—at all times relevant—Footwear's website has stayed materially static. (Dkt. 15-4, ¶¶ 4-13). This, coupled with Kent's unrebutted testing results, precludes a finding of standing. (Dkt. 15-5). In the face of such evidence, Wilson had the opportunity—but chose not to—challenge this evidence. (*See* Dkt. 16).

"When a factual challenge is raised, the plaintiff can no longer rest on the allegations in the complaint but must come forth with evidence to satisfy each of the elements necessary to establish standing." *Satanic Temple*, 163 F.4th at 1068; *Apex*, 572 F.3d at 44-45. "Here, [Footwear] asserted a factual challenge at the pleading stage, so [Wilson] needed to show some specific evidence to satisfy the requirements of standing." *Satanic Temple*, 163 F.4th at 1068. While staring down his burden of proof, Wilson decided to present no evidence but instead rested entirely on his allegations. (Dkt. 16). Wilson has wholly failed to carry his burden of proof. *Satanic Temple*, 163 F.4th at 1068; *McDonald*, 186 F.4th at 926 ("A factual challenge requires a plaintiff to adduce specific evidence to prove standing."); *Flynn v. FCA US LLC*, 39 F.4th 946, 952 (7th Cir. 2022) ("In response to a factual challenge, the plaintiff can no longer rest on the allegations in the complaint but must adduce specific *evidence* to satisfy each of the elements necessary to establish his standing to sue.").

One final note, Wilson tosses an unsupported request at the end of his responsive brief seeking jurisdictional discovery "if the Court is inclined to treat any part of this motion as a factual challenge warranting dismissal[.]" (Dkt. 16 at 12). For starters, it is improper to move the Court for affirmative relief in a responsive pleading. *See Jackson v. Allied Interstate LLC*, 2021 WL 12424562, at *2 n.2 (N.D. Ill. Nov. 4, 2021); Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). At any rate, while it is true that "[a] district court may permit jurisdictional discovery when appropriate" *McDonald*, 186 F.4th at 926, "a plaintiff does not enjoy an automatic right to jurisdictional discovery in every case." *Zurich Am. Ins. Co. v. Tangiers Int'l LLC*, 2018 WL 3770085, at *2 (N.D. Ill. Aug. 9, 2018) (quotes omitted). "A plaintiff must make a *prima facie* showing with some competent evidence demonstrating that jurisdiction might exist in order to be entitled to jurisdictional discovery." *Id.* (quotes omitted). A "plaintiff may not rely on bare, attenuated, or unsupported assertions of jurisdiction to justify discovery." *Id.* (quotes omitted); *see also N. Texas Equal Access Fund v. Thomas More Soc'y*, 728 F. Supp. 3d 887, 901 (N.D. Ill. 2024); *John Crane Inc. v. Simon Greenstone Panatier Bartlett, APC*, 2017 WL 1093150, at *13 (N.D. Ill. Mar. 23, 2017); *Leibovitch v. Islamic Republic of Iran*, 188 F. Supp. 3d 734, 760 n.18 (N.D. Ill. 2016); *Ticketreserve, Inc. v. viagogo, Inc.*, 656 F. Supp. 2d 775, 782 (N.D. Ill. 2009). The Court denies Wilson's bare, unsupported, vague request for jurisdictional discovery.

## CONCLUSION

The Court grants Footwear's Motion to Dismiss without prejudice, denies Wilson's request for jurisdictional discovery, and grants Wilson twenty-one days to replead if he believes he can cure the defects in his original complaint while complying with Federal Rule of Civil Procedure 11. (Dkt. 15).

Virginia M. Kendall
United States District Judge

Date: October 23, 2026